

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-2004

# In Re Flat Glass

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2920

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"In Re Flat Glass " (2004). *2004 Decisions*. Paper 148.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/148

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2920

IN RE FLAT GLASS ANTITRUST LITIGATION
(MDL No. 1200)

BRIAN S. NELSON, d/b/a Jamestown Glass Service; MEL'S AUTO GLASS, INC.;
A. WAXMAN & CO., on behalf of itself, and all others similarly situated;
DESIGNER WINDOWS, INC., on behalf of itself and all others similarly situated;
MOSES MOORE ALL GLASS ASPECTS, INC., on behalf of itself and all others
similarly situated; AAA GLASS, INC., on behalf of itself and all others similarly
situated, d/b/a The Glass Doctor; THE LURIE COMPANIES, INC.;
VSTB ENTERPRISES, INC., d/b/a Perfecto Auto Glass & Upholstery and its
successors; PORT CITY GLASS & MIRROR, INC., on its own behalf and on behalf of
all others similarly situated; JOHN HEALY, JR.; COUNTY AUTO GLASS, INC., on
behalf of themselves and all others similarly situated; GERARD J. CLABBERS, on
behalf of himself and all others similarly situated; KIRSCHNER CORPORATION,
INC., t/a Berwyn Glass Company, on behalf of itself and all others similarly situated;
HARTUNG AGALITE GLASS CO., d/b/a Hartung Glass Industries;
ALL STAR GLASS, INC., on behalf of itself and all others similarly situated;
SUPERIOR WINDSHIELD INSTALLATION, INC., on its own behalf and on behalf of
all others similarly situated; JOVI, INC., on behalf of itself and all others similarly
situated, t/a Easton Area Glass; ENGINEERED GLASS WALLS, INC., on behalf of
itself and all others similarly situated; BAILES GLASS CO.; INTERSTATE GLASS
DISTRIBUTORS, INC., on behalf of itself and all others similarly situated;
ORLANDO AUTO TOP, INC.; MAYFLOWER SALES CO., INC., on behalf of itself
and all others similarly situated; CARDINAL IG; REED'S BODY SHOP, INC.;
BELETZ BROTHERS GLASS COMPANY, INC.; COMPLAST, INC.;
WESTERN STATES GLASS, on behalf of itself and all others similarly situated;
GRIMES AUTO GLASS, INC.; D&S GLASS SERVICES, INC.; GEORGE BROWN &
SON GLASS WORKS, INC.; THERMAL CHEK, INC.; MOBILE GLASS, INC.,
individually and as a representative of a class; JELD-WEN, INC., an Oregon
corporation; JELD-WEN CANADA LIMITED, a Canadian corporation;
JELD-WEN ARIZONA, INC., an Arizona corporation; AVANTI INDUSTRIES, INC.,

an Arizona corporation; LAKEWOOD CITY GLASS, INC.; CAROLINA MIRROR; ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY

v.

PILKINGTON PLC; PILKINGTON LIBBEY-OWENS-FORD CO., INC.; AFG INDUSTRIES, INC.; GUARDIAN INDUSTRIES CORPORATION; PPG INDUSTRIES, INC.; LIBBEY-OWENS-FORD CO., INC.; ASAHI GLASS CO., LTD.; FORD MOTOR CO.; PILKINGTON HOLDINGS; ASAHI GLASS AMERICA, INC.

UNITED STATES OF AMERICA (Intervenor in D.C.)
(D.C. No. 97-mc-00550)

Class Plaintiffs and Grimes Auto Glass,
<u>Appellants</u>

Before: NYGAARD, MCKEE and CHERTOFF, *Circuit Judges*

(Filed: November 3, 2004)

_____

OPINION SUR DENIAL OF PANEL REHEARING

_____

CHERTOFF, *Circuit Judge*.

This case is before the Court on the petition of the Plaintiff-Appellants for panel rehearing of its September 29, 2004 Opinion "insofar as it found that Plaintiffs did not appeal the District Court's Memorandum Order dated May 29, 2003 (the "Order") excluding the grand jury testimony of Ronald W. Skeddle." (Pet. at 1.) This Court denies rehearing for the two reasons explained herein.

2

First, Federal Rule of Appellate Procedure 28(a)(5) and Third Circuit Local Appellate Rule 28.1(a) provide that an issue will only be addressed by the Court if the appellant sets forth the issue in a "statement of issues presented for review" and presents argument in support of the issue in its opening brief. Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (citing Fed. R. App. P. 28(a)(5); Local App. R. 28.1(a)); see also 16A Fed. Prac. & Proc. 3d § 3974.1 ("to assure consideration of an issue by the court the appellant must both raise it in this 'Statement of the Issues' and pursue it in the 'Argument' portion of the brief"). "It is well settled that if an appellant fails to comply with these requirements on a particular issue, the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of appeals." Kost, 1 F.3d at 182 (citing cases).

The Plaintiff-Appellants seek rehearing on an issue that they did not raise in their "Statement of Issues on Appeal," (see Appellant Br. at 5-6.), and that they referred to once in the "Argument" portion of the brief in a footnote, (see id. at 76 n.63).[1] In addition, their reference to the Skeddle grand jury testimony in the footnote did not purport to raise the issue for consideration; instead it stated in a section relating to the

---

[1] The Plaintiff-Appellants also made passing reference to the grand jury testimony in their "Preliminary Statement" where they stated that "Plaintiffs believe this ruling was error" in reference to the District Court's decision to exclude the grand jury testimony, (Appellant Br. at 3, n.1), and in their "Statement of Facts" where they stated that the "grand jury testimony [was] erroneously stricken from the summary judgment record by the District Court in response to motions *in limine* filed by PPG," (id. at 18).

3

District Court's suppression of notes written by Ronald Skeddle that "[t]he District Court compounded its error by excluding Skeddle's and Bryant's grand jury testimony. This type of evidence has sufficient guarantees of trustworthiness to be admissible under Rule 807. [citing cases]." This "casual[] mention" of the grand jury testimony "is insufficient to preserve the issue for review on appeal." Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993) (citing Simmons v. City of Philadelphia, 947 F.2d 1042, 1066 (3d Cir. 1991)).

Second, even if the Plaintiff-Appellants had properly raised this issue in their brief, rehearing is not warranted because the District Court properly excluded the grand jury testimony. The Plaintiff-Appellants assert that this Court should find that Skeddle's grand jury testimony has "sufficient guarantees of trustworthiness" for admissibility under Federal Rule of Evidence 807, the residual exception to the hearsay rule,[2] for the same reasons that the Court remanded the issue of whether Skeddle's handwritten notes had "trustworthiness and reliability" as statements against interest under Rule 804(b)(3).[3]

[2] Fed. R. Evid. 807 provides, in pertinent part:
A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. . . .

[3] Fed. R. Evid. 804(b)(3) provides:
The following are not excluded by the hearsay rule if the declarant is unavailable as a witness . . . A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest,

4

The Skeddle grand jury testimony, though, is fundamentally different from the Skeddle notes for purposes of admissibility because there is no question that Skeddle's testimony to the grand jury was not contemporaneous. In considering the Skeddle notes, for which a question of timing remains, this Court explained that:

> We agree . . . that a finding that Skeddle's notes were not contemporaneous would support a conclusion that the statements are not reliable or corroborated by the circumstances. Skeddle left LOF under a cloud of mutual disaffection. Consequently, documenting LOF wrongdoing during a time when LOF was alleging that Skeddle himself had engaged in wrongdoing would tend to impugn Skeddle's motives and therefore also the reliability of the statements. But it is not clear that the District Court excluded Skeddle's notes because it found that they were not contemporaneous. Moreover, it is not clear that the record supports such a conclusion; on their face, many of the notes give no indication that they were ex post fabrications.

Slip Op. at 32-33. For the same reasons, the District Court was well within its discretion in concluding that Skeddle's after-the-fact testimony does not have circumstantial guarantees of trustworthiness for purposes of Rule 807.

---

> or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

5

IN RE FLAT GLASS ANTITRUST LITIGATION

(MDL No. 1200)

BRIAN S. NELSON, d/b/a Jamestown Glass Service; MEL'S AUTO GLASS, INC.;
A. WAXMAN & CO., on behalf of itself, and all others similarly situated;
DESIGNER WINDOWS, INC., on behalf of itself and all others similarly situated;
MOSES MOORE ALL GLASS ASPECTS, INC., on behalf of itself and all others
similarly situated; AAA GLASS, INC., on behalf of itself and all others similarly
situated, d/b/a The Glass Doctor; THE LURIE COMPANIES, INC.;
VSTB ENTERPRISES, INC., d/b/a Perfecto Auto Glass & Upholstery and its
successors; PORT CITY GLASS & MIRROR, INC., on its own behalf and on behalf of
all others similarly situated; JOHN HEALY, JR.; COUNTY AUTO GLASS, INC., on
behalf of themselves and all others similarly situated; GERARD J. CLABBERS, on
behalf of himself and all others similarly situated; KIRSCHNER CORPORATION,
INC., t/a Berwyn Glass Company, on behalf of itself and all others similarly situated;
HARTUNG AGALITE GLASS CO., d/b/a Hartung Glass Industries;
ALL STAR GLASS, INC., on behalf of itself and all others similarly situated;
SUPERIOR WINDSHIELD INSTALLATION, INC., on its own behalf and on behalf of
all others similarly situated; JOVI, INC., on behalf of itself and all others similarly
situated, t/a Easton Area Glass; ENGINEERED GLASS WALLS, INC., on behalf of
itself and all others similarly situated; BAILES GLASS CO.; INTERSTATE GLASS
DISTRIBUTORS, INC., on behalf of itself and all others similarly situated;
ORLANDO AUTO TOP, INC.; MAYFLOWER SALES CO., INC., on behalf of itself

6

and all others similarly situated; CARDINAL IG; REED'S BODY SHOP, INC.; BELETZ BROTHERS GLASS COMPANY, INC.; COMPLAST, INC.; WESTERN STATES GLASS, on behalf of itself and all others similarly situated; GRIMES AUTO GLASS, INC.; D&S GLASS SERVICES, INC.; GEORGE BROWN & SON GLASS WORKS, INC.; THERMAL CHEK, INC.; MOBILE GLASS, INC., individually and as a representative of a class; JELD-WEN, INC., an Oregon corporation; JELD-WEN CANADA LIMITED, a Canadian corporation; JELD-WEN ARIZONA, INC., an Arizona corporation; AVANTI INDUSTRIES, INC.,


an Arizona corporation; LAKEWOOD CITY GLASS, INC.; CAROLINA MIRROR; ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY

v.

PILKINGTON PLC; PILKINGTON LIBBEY-OWENS-FORD CO., INC.; AFG INDUSTRIES, INC.; GUARDIAN INDUSTRIES CORPORATION; PPG INDUSTRIES, INC.; LIBBEY-OWENS-FORD CO., INC.; ASAHI GLASS CO., LTD.; FORD MOTOR CO.; PILKINGTON HOLDINGS; ASAHI GLASS AMERICA, INC.

UNITED STATES OF AMERICA (Intervenor in D.C.)
(D.C. No. 97-mc-00550)


Class Plaintiffs and Grimes Auto Glass,
Appellants


Before: NYGAARD, MCKEE and CHERTOFF, *Circuit Judges*

---

SUR PETITION FOR PANEL REHEARING

---

The petition for panel rehearing filed by Plaintiffs-Appellants in the above-entitled

case having been submitted to the judges who participated in the decision of this Court,

7

and no judge who concurred in the decision having asked for rehearing, the petition for

rehearing by the panel, is denied.

BY THE COURT,

/s/ Michael Chertoff

Circuit Judge

Dated: November 3, 2004

ghb/cc: Daniel E. Bacine, Esq.
     (Robert N. Kaplan, Esq.
     Richard J. Kilsheimer, Esq.
    David J. Armstrong, Esq.
    Paul M. Dodyk, Esq.
   J. Michael Murray, Esq.
   Elliot Silverman, Esq.
   Michael S. Sommer, Esq.